**UNITED STATES of America, Plaintiff,**

v.

**Michael CORD, Defendant.**

No. 78 CR 302.

United States District Court,
N. D. Illinois, E. D.

Oct. 31, 1978.

John J. Frese, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Nan R. Nolan, Carol A. Brook, Federal Defender Program, Chicago, Ill., for defendant.

ORDER

BUA, District Judge.

Before the court is the motion of the government to take the deposition of a witness. Rule 15, F.R.Crim.P. This motion presents the question whether a district court can order the deposition of an elderly witness to preserve her testimony for a criminal trial, where the defendant is a fugitive from state justice, but there is no showing that the defendant has received notice of the federal indictment. From all appearances, this is a question of first impression. The parties have cited no authority, nor has the court found any, dealing with the issue.

The government is presently unable to locate the defendant, Michael Cord. While the relevant facts are not entirely clear, it appears that Cord left Illinois sometime between January and May of 1978, in violation of the terms of his state probation. The instant indictment was returned on May 3, 1978. A warrant was apparently issued on the indictment, but was never served. Notice of the indictment and an arraignment scheduled for May 15 was sent to Cord at a Chicago address. There is nothing, however, to indicate that Cord ever received actual notice of the indictment. The information available suggests that at the time notice was mailed to Cord he had already left Illinois.

Against this background, the government has moved to take the deposition of one of its witnesses, Lois Mueller, arguing that her testimony is vital and that she is aged and in poor health. The federal defender, appearing as counsel for the defendant, without the defendant's knowledge or written consent, objects to the taking of the deposition on two grounds. The federal defender claims that taking the deposition would vio-

late the defendant's sixth amendment rights and, in any event, would violate the notice requirements of Rule 15.

The federal defender's sixth amendment claim is that deposing the witness, under circumstances where the defendant could not participate in the deposition and could not cross-examine the deponent, violates the sixth amendment's confrontation clause. *See generally, Mancusi v. Stubbs*, 408 U.S. 204, 213–216, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972); *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *id.*, at 172–89, 90 S.Ct. 1930 (Harlan, J., concurring). Although the constitutionality of Rule 15 itself is presumed, *see United States v. Ricketson*, 498 F.2d 367, 374 (7th Cir. 1974) (suggesting constitutionality of Rule 15 while upholding constitutionality of 18 U.S.C. § 3503) (dicta); *see also United States v. King*, 552 F.2d 833 (9th Cir. 1976) (following *Ricketson* ), its application where the defendant has no notice of the indictment raises serious constitutional questions. The government responds that the federal defender's constitutional objections are prematurely raised, since the confrontation issue is not ripe unless and until the government seeks to use the deposition at trial.

The court need not decide these difficult constitutional issues. *See Kent v. Dulles*, 357 U.S. 116, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1957) (statutes and administrative actions will be construed to avoid potential infringement of cherished constitutional rights). Rule 15 is the sole authority upon which the court could order the deposition of Lois Mueller. (*Cf.* 18 U.S.C. § 3503). The court agrees with the federal defender that the government has not met the requirements of Rule 15 in this case.

Rule 15, F.R.Crim.P., was only recently amended to allow the government to take depositions in criminal cases. After several decades of discussion, a limited authorization for such depositions was included in the Rule in 1975, providing for government depositions only in "exceptional circumstances," under strict notice requirements. *See* 8 Moore's Federal Practice ¶ 15.01[3], 15–5—15–13 (2d ed. 1978) (reprinting legis-

lative history of 1975 amendment). As amended, Rule 15(a) states:

(a) When Taken. Whenever due to exceptional circumstances of the case it is in the interest of justice that the testimony of a prospective witness of a party be taken and preserved for use at trial, the court may upon motion of such party and *notice to the parties* order that testimony of such witness be taken by deposition . . . [emphasis added].

Rule 15(b) contains additional provisions concerning the right of the defendant to notice of, and to be present at, the deposition:

(b) Notice of Taking. The party at whose instance a deposition is to be taken shall give to every party reasonable written notice of the time and place for taking the deposition. . . . A defendant not in custody shall have the right to be present at the examination upon request subject to such terms as may be fixed by the court, but his failure, absent good cause shown, to appear after notice and tender of expenses in accordance with subdivision (c) of this rule shall constitute a waiver of that right and of any objection to the taking and use of the deposition based upon that right.

Section (a), dealing in specific terms with the circumstances in which the taking of a deposition may be ordered, imposes as a condition the giving of "notice to the parties." On the present record, it cannot be said that the defendant can receive the "reasonable written notice" of the taking of the deposition required by section (b), or that he has waived his right to be present. It certainly does not appear that he has been or can now be personally served with notice of the deposition. Nor can it be said that some other method of notifying the defendant would be acceptable under the circumstances. The defendant's interests at stake are too high, and the likelihood that any other procedure would result in actual notice is too small.

The court will not infer a waiver of the right to be present in this case. This is not a case in which a defendant, aware of a

pending federal indictment has fled from or sought to avoid contact with federal officials. In such a case, the court might find less demanding service sufficient, or it might find a waiver *ab initio* of any right to be present at a deposition. The fact that the defendant left Illinois in violation of his state probation, and even his apparent attempts to elude state authorities, cannot be used to imply a waiver of his rights in connection with a federal prosecution of which he may have had no notice.

The court therefore holds that where the defendant cannot be given such notice as would ensure him a reasonable opportunity to be present, the court has no authority under Rule 15 to order that the deposition be taken. The government's argument to the contrary amounts to the assertion that whenever, for whatever reasons, it is unable to locate the defendant, it may take the deposition of witnesses who may become unavailable at trial in the absence of the defendant. This view is inconsistent with the letter and spirit of Rule 15. It represents a possible first step to conducting trials *in absentia*, where the defendant's fate will be decided without his presence.

Accordingly, the government's motion to take the deposition of Lois Mueller is denied.